IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN LABORERS PENSION FUND
and JOHN J. SCHMITT,

                   Plaintiffs,               ORDER

   v.
                                             21-cv196-wmc

GMS EXCAVATORS, INC.,

                   Defendant.

Plaintiffs Wisconsin Laborers Pension Fund and John J. Schmitt, in his capacity as Trustee of the Fund, assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1399(c)(5) and 1132, for acceleration of defendant's outstanding withdrawal liability and additional payments for liquidated damages and interest. (Am. Compl. (dkt. #13).) After defendant answered the amended complaint, plaintiffs moved for judgment on the pleadings under Rule 12(b)(6), seeking a finding in its favor that the Fund could accelerate the withdrawal liability assessment under 29 U.S.C. § 1399(c)(5) and also seeking a finding of the total amount due, including an award of liquidated damages, interest and attorneys' fees under 29 U.S.C. § 1132(g)(2). (Dkt. #15.)

Having reviewed the parties' submissions, the court will deny the motion because, as plaintiffs acknowledge in their reply brief, they impermissibly sought to introduce materials outside of the pleading, at least with respect to determining the amount due. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone."). As plaintiff indicated, the court could narrow its consideration of the motion to

the issue of liability, but would unquestionably benefit from additional, and more robust, briefing from the parties on the key legal question posed by plaintiffs' acceleration claim, as well as more information as to the issues before the arbitrator and factual basis for his award. Accordingly, the court will defer any ruling on the issues presented on what it expects will be a fulsome and complete record at summary judgment.

In particular, at summary judgment, the parties should specifically address how to reconcile the Seventh Circuit's holding in *Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526 (7th Cir. 1997), that a fund may accelerate payment under 29 C.F.R. § 1399(c)(5) based on missed interim payments leading up to and during arbitration but not before an arbitrator renders a decision in light of 29 C.F.R. § 4219.31(c)(1), with the Seventh Circuit's discussion in *Central States Southeast and Southwest Areas Pension Fund v. O'Neill Bros. Transfer & Storage Co.*, 620 F.3d 766 (7th Cir. 2010), of the Pension Benefit Guaranty Corporation's ("PBGC") interpretation of § 4219.31(c)(1), in which PBGC concluded that missed interim payments during the period up to and including the arbitration period could *not* serve as the basis for a missed payment default under § 1399(c)(5). In addition to this legal question, the court also requests that the parties clarify which issues were before the arbitrator, and specifically, whether the Fund requested liquidated damages and interest as part of that award.

ORDER

IT IS ORDERED that plaintiffs Wisconsin Laborers Pension Fund and John J. Schmitt's motion for judgment on the pleadings (dkt. #15) is DENIED, without prejudice to plaintiffs raising the same legal arguments in a motion for summary judgment.

Entered this 10th day of February, 2022.

                                      BY THE COURT:

                                      /s/
                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge